UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** CV 11-03546 SJO (JCGx) | **DATE:** May 27, 2011 |
| **TITLE:** 220 Fitness Concepts, LLC v. Holly Hodson | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**

Not Present

**COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** [Docket No. 6]

This matter is before the Court on Plaintiff 220 Fitness Concepts, LLC's ("Plaintiff") Ex Parte Application for Issuance of Temporary Restraining Order ("TRO") and Order to Show Cause Re: Preliminary Injunction ("Application") filed on April 27, 2011. On April 29, 2011, Defendant Holly Hodson ("Defendant") filed on Opposition to which Plaintiff replied. For the foregoing reasons, the Court DENIES Plaintiff's Application.

I.      BACKGROUND

Plaintiff alleges the following: Plaintiff employed Defendant on or around July 1, 2010 through April 2011. Plaintiff hired Defendant as an employee in the "marketing department." (Compl. ¶ 8.) Defendant created a logo for Plaintiff and designed other marketing materials. (*Id.* ¶ 9.) Defendant was given the responsibilities to create Plaintiff's website. (*Id.* ¶ 10.) Pursuant to those duties, Defendant reserved various domain names with godaddy.com, including www.220fitness.com, www.220fitnessconcepts.com, and www.220fitnessmag.com. (*Id.*) Plaintiff paid for all expenses required to establish the domain names associated with its websites. (*Id.* ¶ 14.) However, unbeknownst to Plaintiff, Defendant registered the websites under her own account and retained full control of, and access to, the websites. Defendant, thereafter, prevented Plaintiff from making administrator-level changes to the websites. (*Id.* ¶ 15.) In 2010, Plaintiff requested that Defendant work onsite rather than at home. (*Id.* ¶ 17.) On April 1, 2010, Defendant sent Plaintiff an e-mail expressing concerns that she was not sufficiently involved in the business decision-making, and made a series of demands. (*Id.* ¶ 18.) Plaintiff alleges that Defendant demanded money in excess of $24,000 for her continued employment. (*Id.*) Unable and unwilling to meet Defendant's demands, Plaintiff accepted Defendant's resignation from employment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  CV 11-03546 SJO (JCGx)          DATE:  May 27, 2011

After Defendant's resignation, Plaintiff requested that Defendant return all physical and/or intellectual property in Defendant's possession. (*Id.* ¶ 19.) Defendant refused to return any property including information necessary to administer the website and client contacts. (*Id.* ¶ 20.) On April 26, 2011, Plaintiff filed this instant action alleging: (1) cyber squatting under 15 U.S.C. § 1125(d); (2) trademark infringement under 15 U.S.C. § 1114; (3) copyright infringement; (4) intentional interference with economic advantage; (5) negligent interference with economic advantage; (6) injunctive relief; (7) misappropriation pursuant to California Civil Code section 3426.1; (8) conversion; (9) breach of fiduciary duty; (10) unfair business practice under California Business and Professions Code section 17200, *et seq.* ("Section 17200"); and (11) civil extortion.

On April 27, 2011, Plaintiff filed the instant Application seeking a temporary, preliminary and permanent injunction preventing Defendant from: (1) restricting Plaintiff's access to its websites; (2) changing any user identification and password; (3) deleting anything from the database or server; (4) interfering with existing contracts between Plaintiff and its customers; (5) making representations to existing and potential customers that Plaintiff does not have ownership or use rights to the websites; (6) accessing any e-mails by and between Plaintiff's employees on the 220 Fitness server; and (7) taking steps or action in making the Plaintiff's websites inoperable. Plaintiff also seeks to have Defendant take all steps to transfer all domain names associated with the websites to Plaintiff.

II.     DISCUSSION

      A.     Legal Standard for Temporary Restraining Order

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Arcamuzi v. Cont'l. Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (applying same standard for a preliminary injunction). A plaintiff seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). In the Ninth Circuit, preliminary injunction is also appropriate if the plaintiff can show that "serious questions going to the merits were raised and the balance of hardship tips sharply towards the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052 (9th Cir. 2010) (holding that the sliding scale test remains viable so long as plaintiff can satisfy other factors contained in *Winter*) (citation omitted).

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 11-03546 SJO (JCGx)          DATE: May 27, 2011

B.  Likelihood of Success on the Merits

   1.  Copyright Infringement

In order to succeed in a copyright infringement claim, "a plaintiff must show that he or she owns the copyright and that defendant copied protected elements of the work."[1]  *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (citing *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990)).  Plaintiff argues that it is likely to succeed on the merits of its copyright infringement claim because it is the owner of the copyright and that Defendant prevented access to Plaintiff's copyright.  (Appl. 7:19-25; 8:22-24.)  Regarding ownership, Plaintiff asserts that "as to the valid copyright, receipt by the Copyright Office of a complete application satisfies the registration requirement of § 411."  (Appl. 7:21-23.)  In support of its claim, Plaintiff relies on *Credit Bureau Connection v. Pardini*, 726 F. Supp. 2d 1107, 1114 (C.D. Cal. 2010).  However, Plaintiff mischaracterizes *Credit Bureau Connection*.  In that case, the court addressed whether filing an application for copyright registration would be sufficient to confer jurisdiction in federal court.  *Id.* at 1115.  The court, however, did not hold that filing an application of a copyright constitutes valid ownership.  As such, Plaintiff's argument fails.

Furthermore, Plaintiff claims that it is the owner of the copyright www.220Fitness.com because Defendant was "clearly an employee when the IP and website were developed."  (Appl. 7:26-8:1.)  Plaintiff argues that it is the owner of the copyright under the doctrine of "work for hire" because Defendant was an employee of Plaintiff on a W-2 basis.  (Appl. 8:16-18.)  In support of its claim for copyright ownership, Plaintiff pleads that Defendant used Plaintiff's credit card to pay for the domain name in connection with www.220Fitness.com.  (Appl. 5:3-9.)

Defendant claims that she is the valid owner of the website and domain name www.220Fitness.com because she created the website as an independent contractor and paid for the domain name using her own credit card.  (Opp'n 3:16-22.)  The record indicates that the domain name was purchased on January 31, 2010.  (Hodson Decl. in Supp. of Opp'n ("Hodson Decl.") at Ex. 6.)  Plaintiff concedes that Defendant was an independent contractor before July 2010, at which time she became an employee of Plaintiff.   Work by independent contractor may qualify as "work for hire," for copyright purposes, so long as it was created at the instance and expense of the commissioning party.  *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 877 (9th Cir. 2005).  Plaintiff has failed to provide the Court with receipts establishing

---

[1]  Plaintiff did not discuss the likelihood of success on the merits of its claims for cyber squatting under 15 U.S.C. § 1125(d), trademark infringement, intentional interference with economic advantage, negligent interference with economic advantage, injunctive relief, conversion, and breach of fiduciary duty.  Plaintiff has limited the analysis to its copyright infringement, misappropriation, and Section 17200 claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CIVIL MINUTES - GENERAL

CASE NO.: **CV 11-03546 SJO (JCGx)**     DATE: **May 27, 2011**

that Plaintiff paid for the domain name of the website www.220Fitness.com. Rather, Defendant provides the Court with a receipt of Defendant's purchase of www.220fitness.com. As such, Plaintiff fails to demonstrate that www.220fitness.com was created at its expense and fails to establish that Plaintiff owns the copyright under the doctrine of "work for hire." Plaintiff has not established likelihood of succeeding on its copyright claim.

2.  Trade Secret

Plaintiff also alleges a claim for misappropriation of trade secrets. To prevail on its claim, Plaintiff must demonstrate that: (1) the information at issue qualifies as a "trade secret" under California law; and (2) the defendant "misappropriated" those secrets. Cal. Civ. Code § 3426.1(b); *see MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993); *Am. Credit Indem. Co. v. Sacks*, 213 Cal. App. 3d 622, 630-31 (1989). "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Cal. Civ. Code § 3426.1(d). Both of these elements must be established before a protectable trade secret can be found. *See Sacks*, 213 Cal. App. 3d at 630-31.

Plaintiff alleges that gyms place great value on information relating to when individual memberships expire because gyms can focus on marketing efforts at the appropriate times. Plaintiff alleges that lists of prospective members are also valuable. (Appl. 9:25-10:2.) A customer list that is the product of a "substantial amount of time, expense and effort" on the part of the employer, is generally considered trade secret information because it is not readily ascertainable to other competitors and has commercial value. *See Courtesy Temporary Serv., Inc. v. Camacho*, 222 Cal. App. 3d 1278, 1287-88 (1990). "[I]t is [the employer's] 'work effort,' or process of acquiring and retaining clientele, that constitutes a protectable trade secret." *Id.* In contrast, courts have found that a customer list that is the product of a former employee's personal efforts is not a trade secret of the employer. *E.g., Moss, Adams & Co. v. Shilling*, 179 Cal. App. 3d 124, 129 (names and addresses on a confidential customer list were not trade secrets where the defendants had knowledge of those names and addresses through "personal contact"). The burden of establishing that particular information constitutes a protectable trade secret rests with the plaintiff. *See MAI Sys. Corp. v. Peak Computer*, 991 F.2d 511, 522 (9th Cir. 1993).

In the instant case, Plaintiff made no effort to establish that Plaintiff's customer list was the result of substantial amount of time, expense and effort on the part of Plaintiff. Nor has Plaintiff shown that the list has commercial value and is not readily ascertainable by competitors. Even if Plaintiff had established that the customer list constituted trade secret information, Plaintiff has failed to provide evidence demonstrating reasonable efforts to maintain the secrecy and affirmative steps taken to protect the confidentiality of the customer data. Because Plaintiff fails to direct the Court

                    UNITED STATES DISTRICT COURT                    Priority    ____
                    CENTRAL DISTRICT OF CALIFORNIA                  Send        ____
                                                                    Enter       ____
                                                                    Closed      ____
                         CIVIL MINUTES - GENERAL                    JS-5/JS-6   ____
                                                                    Scan Only   ____


CASE NO.:   CV 11-03546 SJO (JCGx)          DATE:  May 27, 2011

to critical evidence supporting its claim for misappropriation, Plaintiff fails to establish it is likely to succeed on the merits of its trade secret claim.

        3.        California Business and Professions Code Section 17200

Plaintiff also argues that it will likely succeed on its Business and Professions Code section 17200 claim. (Appl. 10:9-11.) Section 17200 prohibits unlawful and unfair business practices. Cal. Bus. & Prof. Code § 17200 *et seq.* Section 17200 "borrows" violations of other laws and makes them independently actionable as unfair competitive practices. *See Korea Supply Co. v. Lockheed Martin Corp*, 29 Cal. 4th 1134, 1143 (2003). Plaintiff's Section 17200 claim is based on two separate allegations: (1) copyright infringement; and (2) trademark infringement. As mentioned, Plaintiff has failed to establish that it is the owner of the copyright www.220Fitness.com. To that end, Plaintiff has failed to demonstrate that it will likely succeed on the merits.

Plaintiff's Section 17200 claim is also based on the alleged infringement of Plaintiff's trademark. In order to state a trademark infringement claim, Plaintiff must demonstrate: (1) a valid and protectable trademark; and (2) the likelihood of confusion as to the origin of Defendant's goods or services. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985). Plaintiff has failed to address the likelihood of success of its trademark infringement claim. Furthermore, Plaintiff has failed to demonstrate a likelihood of confusion.

Accordingly, Plaintiff fails to establish that it will likely succeed on its Section 17200 claim.

        C.        Irreparable Injury

Plaintiff has not shown that it will suffer irreparable harm if the Court does not grant the temporary restraining order. "It is the plaintiff's burden to prove that [it] is likely to suffer irreparable harm in the absence of preliminary relief." *Edge Games, Inc. v. Electronic Arts, Inc.*, 2010 WL 3895533, at *12 (N.D. Cal. Oct. 1, 2010) (internal quotation and citation omitted). Additionally, the Ninth Circuit has stated that irreparable harm is established when a plaintiff is unlikely to be made whole by an award of damages, or some other legal remedy at a later date, in the ordinary course of litigation. *See California Pharmacists v. Maxwell-Jolly*, 563 F.3d 847, 851-52 (9th Cir. 2009). Plaintiff argues that there is a presumption of irreparable harm because Plaintiff has established the likelihood of success on the merits of its copyright claim. (Appl. 11:10-11.) However, as mentioned, Plaintiff has failed to persuade the Court that it will likely prevail on its copyright infringement claim. Plaintiff also argues that it will suffer irreparable injury because Defendant has shut down Plaintiff's website. (Baker Decl. in Supp. of Appl. ¶¶ 29-31.) However, Defendant has directed the Court to Plaintiff's websites: www.220fit.com and www.220fitnessmag.com. These websites are seemingly active and accessible. Accordingly, Plaintiff has failed to establish it will suffer irreparable harm.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 11-03546 SJO (JCGx)     **DATE:** May 27, 2011

III. <u>RULING</u>

Based on the reasons stated above, the Court DENIES Plaintiff's Ex Parte Application for Temporary Restraining Order.

IT IS SO ORDERED.